# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CASE NO:**

JOSHUA BELLES,

    Plaintiff,

    v.

INFINITI EMPLOYMENT SOLUTIONS,
INC., a Florida For Profit Corporation

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSHUA BELLES ("Plaintiff"), pursuant to the Families First Coronavirus Response Act - Emergency Paid Sick Leave Act, H.R. 6201, 116th Cong. *§ 5102, et. seq.* (2020), (hereafter "the FFCRA," "EPSLA," or "the Act"), files his Complaint against Defendant, INFINITI EMPLOYMENT SOLUTIONS, INC. ("Defendant" or "INFINITI"), and alleges as follows:

## PARTIES

1. During all times material hereto, Plaintiff was a resident of Orange County, Florida, over the age of 18 years, and otherwise *sui juris.*

2. Defendant, INFINITI, is a Florida corporation with its principal business address located at 3218 E. Colonial Dr., Suite F, Orlando, FL 32803.

3. At all times material hereto, Defendant, INFINITI, was Plaintiff's employer as that term is defined under the Act.

4. At all times pertinent hereto, Defendant, INFINITI, was Plaintiff's employer covered by the Act, because it was engaged in commerce or in an industry or activity affecting commerce

who employed fewer than 500 employees, prior to the time period in which Plaintiff sought leave under the Act.

5. At all times material hereto, Plaintiff was an eligible employee entitled to leave under the Act, based on the fact that he: (a) attempted to take paid sick leave for being unable to work due to becoming sick with COVID-19 symptoms; and (b) was employed by Defendant for at least 30 calendar days prior to seeking to exercise his right to FFCRA leave.

## JURISDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within Orange County, Florida, within the jurisdiction of this Honorable Court.

7. Jurisdiction is proper within the Middle District of Florida pursuant to *28 U.S.C. §§ 1331 and 1337*.

8. Venue is proper within the Middle District of Florida pursuant to *28 U.S.C. § 1391(b)(2)*.

## FACTUAL ALLEGATIONS

9. Plaintiff worked for Defendant as a full-time, hourly employee from approximately August 10, 2020 until December 14, 2020.

10. During his tenure, Plaintiff was considered an exceptional employee and had no significant history of performance, attendance, or disciplinary issues.

11. During his tenure, Plaintiff's regular hourly rate was $14.00 per hour.

12. Plaintiff's job title was "box sorter" during his employment period with Defendant.

13. On or around December 11, 2020, in the midst of the global COVID-19 pandemic, Plaintiff developed a fever and other COVID-19 symptoms while at work.

14. Plaintiff requested that Defendant permit him to take paid leave from work so that he could get a COVID-19 test.

15. Within two (2) day of receiving notice that Plaintiff was unable to work because he was infirm with COVID-19 symptoms, Defendant contacted Plaintiff over the phone and notified Plaintiff that his employment was terminated effective immediately.

16. Since Plaintiff's phone conversation with Defendant on or about December 13, 2020, Defendant has failed to remedy its refusal to provide Plaintiff paid sick leave and otherwise reinstate his employment status.

17. To date, INFINITI has failed to pay Plaintiff for his sick leave.

18. To date, INFINITI has terminated Plaintiff's employment.

19. After receiving express notice of Plaintiff's inability to work due to having COVID-19 symptoms, Defendant was required under the Act to provide Plaintiff paid sick leave.

20. Plaintiff was entitled to two (2) weeks or eighty (80) hours of paid leave under the Act which, under the circumstances herein, would have been through about December 25, 2020.

21. On or about December 13, 2020, Defendant discharged, disciplined, and/or otherwise discriminated against Plaintiff because of his request for leave under the Act. Any other reason for Plaintiff's termination is merely pretext for Defendant's unlawful termination of Plaintiff.

22. The temporal proximity of Plaintiff's request for leave due to being sick with COVID-19 symptoms and his termination creates the presumption that Defendant retaliated against Plaintiff for attempting to exercise his rights under the Act.

23. As a result of this illegal termination, Plaintiff suffered damages including loss of his opportunity to earn employment wages, benefits, and other remuneration to which he was entitled.

24. As a result of the foregoing, Defendant willfully violated the Act, denied Plaintiff his protected paid sick leave rights, and retaliated against him for seeking leave during the COVID-19 global pandemic.

25. Defendant does not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## **COUNT I – UNPAID SICK LEAVE UNDER THE FFCRA**

26. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 25 above.

27. At all times relevant hereto, Plaintiff was protected by the provisions of the FFCRA and EPSLA.

28. At all times relevant hereto, Plaintiff was entitled to eighty (80) hours of paid sick leave under the Act.

29. Defendant denied Plaintiff protected paid sick leave under the Act.

30. Defendant refused to pay Plaintiff for eighty (80) hours of paid sick time.

31. As a result of Defendant's violations of the Act, it is considered to have failed to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 206.*

32. Plaintiff is entitled to recover wages for eighty (80) hours of unpaid sick time, in the amount of $580.00.

33. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to an additional amount of $580.00 in liquidated damages.

34. Therefore, as a result of Defendant's willful violation of the Act, Plaintiff is entitled to a total amount of **$1,160.00** for damages in unpaid sick leave.

35. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs under the applicable statute.

WHEREFORE, Plaintiff, JOSHUA BELLES, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, INFINITI EMPLOYMENT SOLUTIONS, INC., and award Plaintiff the following: (a) unliquidated minimum wage damages in the amount of $580.00 to be paid by Defendant; (b) liquidated damages in the amount of $580.00 to be paid by Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the Act and the FLSA;  and any and all further relief that this Court determines to be just and appropriate under the circumstances.

### **COUNT II – UNLAWFUL TERMINATION UNDER THE FFCRA**

36. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 25 above.

37. At all times relevant hereto, Plaintiff was protected by the provisions of the FFCRA and EPSLA.

38. Defendant unlawfully discharged Plaintiff based upon Plaintiff's exercise of his rights under the Act by terminating him for attempting to take protected FFCRA paid sick leave during the COVID-19 global pandemic, and further unlawfully discriminated and/or disciplined Plaintiff by virtue of this unlawful termination.

39. At all times relevant hereto, Plaintiff was protected from unlawful discharge, discipline, or any other discriminatory manner taken against him under the Act.

40. As a result of Defendant's violation of the Act, it is considered to be in violation of the retaliation provision of the FLSA, *29 U.S.C. § 215(a)(3).*

41. As a result of Defendant's willful violation of the Act, it is subject to the penalties under the FLSA, *29 U.S.C. § 216(b)*.

42. As a direct result of Defendant's willful conduct, Plaintiff has suffered loss of back pay, loss of future pay, loss of reputation in the community, emotional distress, and has been otherwise damaged in an amount to be proven at trial.

43. Therefore, as a result of Defendant's willful violation of the Act, Plaintiff is entitled to recover reinstatement to his prior position, and/or recovery of lost future wages, recovery of his lost back wages to date, and an additional equal amount of lost wages in liquidated damages.

44. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOSHUA BELLES, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, INFINITI EMPLOYMENT SOLUTIONS, INC., and award Plaintiff the following: (a) damages arising from Defendant's unlawful termination of Plaintiff under the Families First Coronavirus Response Act; (b) back pay; (c) front pay; (d) liquidated damages; (e) compensatory damages for loss of reputation and emotional distress; (f) all reasonable attorney's fees and litigation costs permitted under the Act, and any and all further relief that this Court determines to be just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JOSHUA BELLES, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 14th day of January 2021.**

    Respectfully Submitted,

    **USA EMPLOYMENT LAWYERS –**
    **JORDAN RICHARDS, PLLC**
    805 Broward Blvd. Suite 301
    Fort Lauderdale, Florida 33301
    Ph: (954) 871-0050
    *Counsel for Plaintiff*

    By: */s/ Jordan Richards*
    JORDAN RICHARDS, ESQUIRE
    Florida Bar No. 108372
    JAKE BLUMSTEIN, ESQUIRE
    Florida Bar No. 1017746
    jordan@jordanrichardspllc.com
    melissa@jordanrichardspllc.com
    jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 14, 2021.

    By: */s/ Jordan Richards*
    JORDAN RICHARDS, ESQUIRE
    Florida Bar No. 108372

## SERVICE LIST: